NATHAN SLAMOWITZ AND JOHN PALARA, RELATORS, v.
JOHN JELLEME, INSPECTOR OF BUILDINGS OF THE
CITY OF PASSAIC, AND THE BOARD OF ADJUSTMENT
OF THE CITY OF PASSAIC, RESPONDENTS.

Argued October 7, 1925—Decided November 17, 1925.

Zoning—Apartment-houses in Restricted Territory—Relators
Made Application With Consent and Approval of Owner—
They Pursued Necessary Steps to Obtain Permit—They Ex-
hausted Their Remedies by Appeal—Board of Adjustment
Cannot Try Constitutional Rights of Relator.

On rule to show cause why a writ of *mandamus* should not
issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relators, *Ward & McGinnis.*

For the respondents, *Thomas E. Duffy* and *Frederick S.
Ranzenhofer.*

PER CURIAM.

A rule was issued in this case requiring the respondents
to show cause why a peremptory or alternative writ of *man-
damus* should not be awarded to compel the issuance of a
building permit to the relators. Under permission granted
in the rule depositions have been taken from which it appears
that the relators had a contract to purchase from one Swan
certain lands in the city of Passaic, and that they, with the
consent of Swan, made application to the defendant Jelleme,
as building inspector of Passaic, for a permit to erect an
apartment-house. The application was refused by the in-
spector on the ground that the relators would not be per-
mitted to build an apartment-house on the lot because of
the provisions of a zoning ordinance. The application was
for a two-family apartment-house and the plans therefor

74

were in the possession of the relators, but the inspector refused to examine them. Further application to the board of commissioners of the city was made, and the relators were informed that a board of adjustment was about to be created before whom they could appear. Upon the creation of this board the relators applied for a permit and were again denied. It is apparent from the depositions taken that this refusal was based solely on the ground that to grant a permit would be in violation of a zoning ordinance forbidding the erection of apartment houses on lands located as were those of the relators.

In the defendants' brief it is sought to sustain this refusal on several grounds—

1. That the relators were not the owners of the property at the time they made application. The application, however, was made with the consent and approval of the owner, and is controlled by the case of *Reimer* v. *Dallas*, 3 *N. J. Adv. R.* 1302.

2. That the relators did not follow the necessary steps to get a building permit. We think the evidence discloses to the contrary.

3. That the relators did not exhaust their remedies by appeal. This point is wholly without merit. Upon the refusal by the building inspector relators made application to the board of commissioners, were referred to an adjustment board to be created, and to this board they applied and were again refused. What more they could have done it is difficult to conceive. The last step, however, they were not obliged to take. The constitutional rights of the relators were not triable before that body (*Losick* v. *Binda*, 3 *N. J. Mis. R.* 421), and these rights are settled by the case of *Ignaciunas* v. *Risley*, 2 *N. J. Adv. R.* 852, in the Court of Errors and Appeals, and in this court by *Nelson Building Co.* v. *Binda*, 3 *N. J. Mis. R.* 419.

The rule to show cause will be made absolute, to the end that a peremptory writ of *mandamus* may issue.